# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eagle Eye Produce Incorporated, | No. 16-CV-00103-TUC-FRZ |
| Plaintiff, | **WRITTEN ORDER** |
| v. | |
| Agricola Faader SPR de RL, *et al.*, | |
| Defendants. | |

Defendants L&M and Santa Sofia have filed a Motion to Dismiss for Lack of Subject-Matter Jurisdiction and a Motion for Summary Judgment. *See* Docs. 93 & 95. Defendants assert the Court lacks jurisdiction because Plaintiff conflated claims against Defendants Faader and Espinoza with claims against Defendants L&M and Santa Sofia. *See* Doc. 95 at pg. 6. (alleging the case does not meet the requisite "amount in controversy" to confer diversity jurisdiction).

A U.S. District Court can adjudicate claims substantially related to events that form the same case if at least one claim places more than the minimum jurisdictional amount in controversy.[1] In this case, Plaintiff's claim for damages due to an alleged contract breach by Defendant Faader exceeds the minimum jurisdictional amount. *See* Doc. 28 at pg. 14 (alleging damages at least $1,089,729.59). The Court already determined that Defendant Santa Sofia could *plausibly* be considered a mere corporate continuation of Faader and that Plaintiff's perfected security interest against Faader may plausibly extend to Santa Sofia's assets. *See* Doc. 45 at pg. 3 (Order of the Court). Therefore, the Court's supplemental jurisdiction extends to Plaintiff's claim for conversion against Defendant L&M because L&M allegedly continued to possess assets — rightfully owed to Plaintiff — despite receiving due notice of a perfected security interest in those assets. *See* Doc. 45 at pg. 4.[2]

---

[1] *See* 28 U.S.C. § 1367 (authorizing district courts to use supplemental jurisdiction over substantially related claims).

[2] *See also*, *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 558-59 (2005) (holding

Alternatively, Defendants L&M and Santa Sofia have filed for summary judgment on the basis that Santa Sofia is not the successor corporation of Faader and *a priori* not liable to Plaintiff. *See* Doc. 93 at pg. 2 (claiming Santa Sofia has paid adequate consideration for all property rented or purchased from Faader). As a corollary, Defendants argue that if Santa Sofia is not the successor corporation of Faader, then Plaintiff does not have a perfected security interest against Santa Sofia or L&M. *Id.*

A District Court must grant summary judgment when no genuine dispute of material fact remains and the moving party is entitled to judgment as a matter of law.[3] A court simply determines if such a dispute exists, and does not "weigh the evidence and determine the truth of the matter."[4]

Here, a genuine dispute remains regarding the facts essential to determine whether Santa Sofia was a "mere continuation" of Faader. Plaintiff has alleged that Faader and Santa Sofia: (1) shared financial activity and bank accounts; (2) had substantially similar offices, land, assets, employees, managers, and directors; (3) transferred intangibly valuable certifications (supplier, food safety, and U.S. Customs); and (4) represented to third-parties that the two corporations were the same entity. *See*, *e.g.*, Doc. 102 at pg. 9 (listing examples of third-parties the companies made such representations to, including Primus Labs, Walmart, and U.S. Customs).[5]

Defendants provided invoices and bank wire receipts to attempt to demonstrate that Santa Sofia did pay sufficient consideration to Faader for the use of assets. *See* Docs. 93, 94, and 105. However, the evidence provides a seemingly incomplete nature of the financial records and reputedly contains inconsistencies and errors. *See*, *e.g.*, Doc. 99 (Declaration of Rosendo Flores) (citing omitted reference numbers for relevant bank

---

that if at least one claim meets the amount in controversy threshold, the court can exercise supplemental jurisdiction over related claims).

[3] *See* Fed. R. Civ. P. 56(c).

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[5] *See also*, *A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.*, 172 Ariz. 324, 329 (App. 1992) (listing relevant factors in analyzing whether a successor may be liable for the former corporation's debts and liabilities — including substantial similarity in the ownership and control of the two corporations).

transfers, dates of payments controverted by Defendants' own statements, and evidence that payments did not match generated invoices).

Defendants have filed a Motion to Strike Plaintiff's Declaration used to oppose Defendant's Motion for Summary Judgment. *See* Doc. 106 (arguing that the Declaration of Rosendo Flores "should be struck as a sham declaration"). The motion contends that the 20-page declaration by Rosendo Flores "contradicts" an earlier 1-page answer to an interrogatory signed under oath back in February. *Id.* at pg. 5.

A District Court may strike a declaration as a sham to "maintain summary judgment as integral to the federal rules."[6] The Ninth Circuit instructs courts to apply this "sham affidavit rule" "with caution" and when a logical inconsistency seems "clear and obvious."[7]

The challenged declaration relies on newly discovered evidence that required an Order to Compel before Defendants disclosed the information. *See* Doc. 109. at pg. 7 (expressing that "rather than 'contradicting' the Interrogatory Answer, [Rosendo] Flores' Declaration provides further detail based upon the information discovered from L&M and Santa Sofia after the Interrogatory answer was drafted."). The declaration and the answer do not contain any "clear and obvious" contradictions that warrant striking the document pursuant to the "sham affidavit rule." *Compare* Doc. 106-1 *with* Doc. 99. In fact, the declaration attests that even more "documents must exist ... which have not been produced by Santa Sofia or [Faader]." *See* Doc. 99 at pg. 10.

Additionally, Defendant L&M has filed a Motion to Compel Service of Sworn Interrogatory Answers that requests the Court order Plaintiffs to certify that answers to discovery requests were "under oath," as it appears neither party initially remembered to fully-comply with Fed.R.Civ.P. 37. *See* Docs. 90 & 97. Plaintiff has subsequently remedied any defect in the certified answers to Defendant's discovery requests without causing any prejudice; thus rendering the motion "moot." *See* Doc. 97 at pg. 4.[8]

---

[6] *Yeager v. Bowlin*, 693 F.3d 1076, 1080–81 (9th Cir. 2012).

[7] *See*, *e.g.*, *Tarleton v. State Farm Fire & Cas.*, 2014 WL 2126567, at *7 (D. Or. May 21, 2014).

[8] *See also*, *Brinkman v. Ryan*, 14-CV-2093, at pg. 2, n. 1 (D. Ariz., June 17, 2016) (acknowledging that a "change in facts can render an issue moot").

Finally, Defendant L&M has also filed a motion for "reconsideration" of the Court's September 1, 2016 Order denying a Motion to Dismiss. *See* Doc. 107. The extremely untimely motion provides no new facts unavailable to the parties or the Court at the time of the original motion that was denied. *See id.* (citing LRCiv 7.2(g), which requires a motion for reconsideration be filed within 14 days of the challenged order).

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 93) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. 95) is DENIED.

IT IS FURTHER ORDERED that Defendant L&M's Motion to Compel (Doc. 90) is TERMINATED as "moot."

IT IS FURTHER ORDERED that Defendant's Motion to Strike (Doc. 106) is DENIED.

IT IS FURTHER ORDERED that Defendant L&M's untimely Motion for Reconsideration (Doc. 107) is DENIED.

IT IS FURHTER ORDERED that — pursuant to the Court's April 25, 2018 Order — Plaintiff has 7 days to file a Reply to its Motion for Sanction (Doc. 85).

Dated this 17th day of August, 2018.

_____
Honorable Frank R. Zapata
Senior United States District Judge